(20 Misc. Rep. 418.)

### HARTLEY v. MULLANE.

(City Court of New York, General Term. May 29, 1897.)

1. PLEADING AND PROOF—VARIANCE.
In an action by H. against M. for rent of C.'s building, 1731 Broadway, New York, plaintiff alleged that C. duly assigned and transferred to him the said claim and demand for said rent. *Held*, that the court properly refused to exclude, as "not in conformity with the one set forth in the complaint," a writing signed by C., which recited that "I hereby authorize and direct H. * * * to ask, demand, sue for, and receive, and collect from M. and R., * * * any and all rent that may be due or accrue from the premises occupied by them, or either of them, 1731 Broadway, New York, and hereby assign and transfer to said H. any interest' I may have in said rent."

2. MOTION TO DISMISS—SUFFICIENCY.
A motion to dismiss "on the usual grounds," made at the close of plaintiff's evidence, is insufficient.

Appeal from trial term.

Action by Francis L. Hartley against Katie Mullane to recover rent alleged to be due plaintiff's assignor. From a judgment entered on the verdict of a jury directed by the court in favor of plaintiff, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

R. J. Haire, for appellant.

Thomas F. Byrne, for respondent.

O'DWYER, J. There was no appeal taken from the order denying the motion for a new trial, and, no exception appearing to the direction by the court of a verdict in favor of the plaintiff, we are precluded from reviewing questions of fact, and the appeal must be disposed of upon the exceptions taken during the trial.

On the trial the plaintiff offered in evidence a writing, claiming it to be an assignment of the claim in suit to the plaintiff, and the defendant objected to the introduction of the writing, upon the ground "that it was not in conformity with the one set forth in the complaint," and to the decision of the court overruling the objection the defendant excepted. The plaintiff alleges in his complaint "that, prior to the commencement of this action, the said Mary Corner duly assigned and transferred to this plaintiff the said claim and demand for the said rent," and the writing objected to is as follows:

"I hereby authorize and direct F. L. Hartley, of the city of New York, to ask, demand, sue for, and receive, and collect from Kate Mullane and Frank P. Roberge, of the city of New York, any and all rent that may be due or accrued from the premises occupied by them or either of them, 1731 Broadway,

New York, and hereby assign and transfer to said F. L. Hartley any interest I may have in said rent aforesaid,"—signed "Mary Corner," and witnessed by F. H. Gray.

It is further alleged in the complaint that one Adelaide C. Fitzpatrick, the original landlord of the defendant, had transferred the premises 1731 Broadway to plaintiff's assignor, and the action was brought to recover the rent of the premises for the months of November and December, 1896, and January and February, 1897, during which time the plaintiff's assignor was the owner of the property. We are unable to discover wherein the assignment offered in evidence fails to conform to the one described in the complaint.

The only other exception taken by the defendant appears at the close of the plaintiff's case. After the plaintiff had rested, the defendant made a motion in the following words: "We move to dismiss on the usual grounds." We are unaware of any such grounds being a ground for the dismissal of a complaint, and know of no such grounds for dismissals of complaints generally. The motion having been denied, the defendant offered no evidence, and did not even think it worth while to except to the direction of the verdict in the plaintiff's favor.

The appeal is without merit, and the judgment appealed from should be affirmed, with costs. All concur.